## LAZARUS *v.* DANZIGER.

*(Superior Court of New York City, Special Term.* September 12, 1891.)

INJUNCTION—PROCEEDING IN ANOTHER COURT.
> An injunction will not lie to restrain defendant from prosecuting in another court, of competent jurisdiction, proceedings instituted on his complaint to compel plaintiff to remove a soda-water stand from the sidewalk in front of plaintiff's premises, but a condition will be imposed either that plaintiff be made a party to or notified of the proceedings to remove the soda-water stand.

Action by Marks Lazarus against Adolph Danziger to restrain defendant from procuring the removal of a soda-water stand in front of premises owned by plaintiff, and occupied in part by defendant as plaintiff's tenant. An injunction *pendente lite* was granted, and plaintiff now moves to continue the same. The affidavits in support of the motion are as follows:

"Marks Lazarus, being duly sworn, says: I am the plaintiff in this action, and reside at No. 26 Essex street. The house and lot belong to me. Prior to June 5, 1891, an action was commenced in the New York supreme court by Max Baron against me to have me declared a trustee of said house and lot for his benefit to an amount of one undivided half. That on the 5th day of June, 1891, the said action was tried before Hon. ABRAHAM R. LAWRENCE, at a special term of said court, and on said trial the defendant in this action appeared as a witness against me. That the trial resulted in a judgment upon the merits and the law in my favor, and against said Baron. That thereafter the said Danziger, the defendant, and on or about the 8th day of July, as I was informed, had made a complaint against the stand owned by me. I am the owner in fee of the said premises Nos. 26 and 28 Essex street. It is a corner house, and there are three stores on Essex street, and one of these stores is occupied by the defendant, who is my tenant. I am in the soda-water business, and have a soda-water stand in front of the store occupied by Isaac Wolf, one of my tenants. There is no soda-water stand in front of the store which I let and demise to the defendant. I have had the said soda-water stand in front of said store since 1884. The defendant has been my tenant since 1890, and he occupied said store for about four years prior to the time he became my tenant. Ever since and prior to the time that the said defendant occupied said store, my said soda-water stand was in front of the store now occupied by Isaac Wolf, and never until after I was successful in the suit referred to herein did the said defendant complain about said stand. About three weeks ago I received a notice to remove said stand, and ascertained that the defendant was the complainant. I called on the defendant, and asked him why he made the complaint, and he said, 'I want to protect myself, and if

you don't give me a new lease for two years from May, 1892, I will make you remove the stand.' I asked him if the stand interfered with him or his business, and he said, 'No; the stand don't interfere with me or my business; it is not in front of my store; but you must give me that lease or two hundred dollars, then I will withdraw my complaint.' I told him, 'I will not do it.' Deponent further says that the said defendant is not acting in good faith, and that he is not acting in the interest of the public, but is acting in bad faith, and for personal motives, and has threatened to have the said stand removed; and that if said stand is removed it would produce injury to this deponent, because this deponent's livelihood depends somewhat upon the income derived from said stand; that the said stand is within the stoop line of said house. Upon information, this deponent says that on the 19th day of August, 1891, the defendant in this action, through his attorney, obtained from Hon. MORGAN J. O'BRIEN, justice of the New York supreme court for the first judicial department, an order to show cause why a peremptory writ of *mandamus* should not be issued out of said court directed to Thomas F. Gilroy, as commissioner of the department of public works, and Michael F. Cummings, as superintendent of the bureau of incumbrances, directing and compelling them forthwith to remove, or cause to be removed, a certain soda-water stand that is erected and stationed in front of the premises No. 26 Essex street, New York city, and which is the stand referred to by this deponent in the foregoing part of this affidavit, and is the same stand in front of the store on said premises occupied by Isaac Wolf; that the said order is returnable to-morrow, August 26, 1891, at 10:30 o'clock in the forenoon of said day. Upon information and belief, that on the 1st day of May, 1891, the defendant directed.a written notice or request to the mayor of this city and to the department of public works for the removal of the said soda-water stand, and which the said defendant refers to in a certain petition which he presented to our said supreme court, and in which he says that the said stand is conducted by Marks Lazarus, the deponent. That no previous application for this order has been made to any court or judge."

"Wolf Scheinker, being duly sworn, says: I reside at No. 244 Clinton street, in the city of New York. I am in the soda-water business, and have been for four years last past. I know the plaintiff and the defendant in this action. I know the plaintiff for the last nine years, and the defendant for about a year and a half. The plaintiff is the owner of a house and lot in the city of New York known as Nos. 26 and 28 Essex street. That heretofore Max Baron commenced an action in the New York supreme court against the plaintiff in this action, and that on or about the 5th day of June, 1891, the trial of said action took place before Hon. ABRAHAM R. LAWRENCE. I was present at said trial. The defendant in this action was a witness against this plaintiff. That a judgment in said action was duly rendered upon the merits and the law in favor of this plaintiff, and against the said Baron. This deponent further says that the said defendant in this action is a tenant of the plaintiff, and has a butcher-shop in the premises aforesaid owned by the plaintiff in this action. That about two or three weeks ago I met the defendant in a saloon owned by one Feldstein, on Grant street, between Forsyth and Eldridge streets. I know that the defendant in the action had made a complaint against the stand owned by the plaintiff, which stand is in front of the store occupied by Isaac Wolf in the same premises, and is not in front of nor does the said stand interfere with the business of the defendant. I then and there asked him why he made the complaint against Lazarus concerning the stand, and he told me, 'I will explain you the reason; I will tell you everything.' He then told me that Lazarus, the plaintiff, had promised him, if he would be successful in purchasing the said premises 26–28 Essex street, that he, the plaintiff, would allow him, the said Danziger, to remain a tenant of said house as long as he, said Danziger, the defendant, pleased to remain, with-

out increasing the rent of said premises, to-wit, a store.   I said, ' How do you know that Lazarus will not live up to his promise as he promised you?'   He said, ' Don't you know I was a witness against Lazarus, and I cannot expect any favors from him?  So, therefore, I am going to compel and force Lazarus [the plaintiff] to give me a lease for two years from May, 1892, until May, 1894, and, if he don't give me said lease, I am going to make him remove his stand in front of Isaac Wolf's place,' (to-wit, the saloon.)   I said, ' Why will you do that?   Does the stand interfere with you or your business? '   The defendant said, ' No; it does not interfere with me or my business, but that is the only way that I can force Lazarus [the plaintiff in this action] to give me a lease, and when I get the lease I have a chance to sell the store, and make about one thousand dollars out of it.'   He then asked me if I would see Lazarus, the plaintiff, and told me to tell Lazarus if he would give him a lease of two years he would withdraw his complaint that he had made and filed with Thomas A. Gilroy, Esq., as commissioner of the department of public works, and Michael F. Cummings, superintendent of the bureau of incumbrances; and, ' if I cannot get the lease as aforesaid for him, I shall try to get him two hundred dollars from Lazarus, and then he [the defendant] would withdraw his complaint.'   I called on the plaintiff, and submitted this proposition to him and Lazarus.   The plaintiff said that he could not and would not be forced to do anything.   I returned to the defendant, and told him this.   The defendant said to me, ' Well, I will make him remove the stand if it cost me any amount.   I will give him all the trouble I can.   If I didn't give him trouble with his case which Baron brought against him, and in which I was a witness, and intended to give him trouble, I will do all in my power to hurt him now.'"

Goodhart & Phillips, for plaintiff.   Wm. H. Schnitzer, (Samuel Hyman, of counsel,) for defendant.

McADAM, J.   The plaintiff is the owner in fee of the premises in front of which the soda-water stand is erected.   It is within the stoop line, was erected in 1884, and has been there since.   The defendant hired the adjoining property knowing the structure was there.   He was satisfied then, but, since other causes have made trouble, is dissatisfied now.   He is determined that the stand shall go.   The defendant has no right to interfere with the structure, and will be enjoined from disturbing it except by legal proceedings.   The application goes further.   It seeks to enjoin the defendant from instituting proceedings to compel the public authorities to remove the structure.   Injunction to prevent proceedings at law is one of the most common heads of equity jurisprudence, but no one court can enjoin a proceeding in another court of the state, having equal power to grant the relief sought, nor will the court by injunction enable a party to try in equity that which can and should most properly be tried at law.   In so far as the plaintiff seeks to enjoin legal proceedings in other courts having jurisdiction, the application will be denied.   The court will impose as a condition that the plaintiff, if not made a party, be notified of such other proceedings.   This is all that can be done here.   The other court must do the rest.   Whether the plaintiff's structure interferes with the rights of the public is a question to be determined in such other proceeding.   It is but indirectly involved here.   Settle order on notice.   No costs.